# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES HAMPTON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-253 NAB |
| MECC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon a two-page handwritten letter from self-represented plaintiff Charles Hampton, Jr. (inmate no. 1340891) complaining about the conditions at the Missouri Eastern Correctional Center ("MECC"). ECF No. 1.

The letter is defective as a complaint commencing a civil case because it was not drafted on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). Within the letter, plaintiff asserted he does not have the funds to file a lawsuit, but he did not file a separate motion for leave to commence this civil action without prepayment of the required filing fee. A plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). If a prisoner seeks leave to proceed in forma pauperis he is also required to submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). A "certified copy" is one that has been certified by an authorized prison officer that is a true and correct copy.

Because plaintiff is proceeding without counsel, the Court will allow plaintiff the opportunity to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days

from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here.

### Instructions for Filing an Amended Complaint

Plaintiff is warned that the filing of an amended complaint replaces the allegations in his letter to the Court, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims included in his letter that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

Plaintiff should type or neatly print his amended complaint on the Court's § 1983 civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and

plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff may only bring claims on behalf of himself, not others. Plaintiff has no standing to bring claims on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). In other words, plaintiff must allege a personal loss. *See Sargent*, 780 F.2d at 1337. Furthermore, as plaintiff is not an attorney, he can

only plead and conduct his own case. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail plaintiff a copy of the motion to proceed in forma pauperis form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original letter and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit a motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2021.