# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES HAMPTON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:21-CV-253-NAB |
| MECC, | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On March 5, 2021, the Court ordered plaintiff to file an amended complaint within twenty-one (21) days. ECF No. 3. Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center ("MECC") in Pacific, Missouri. Plaintiff initiated this case on February 22, 2021 by filing a two-page handwritten letter, which he stated was "in regard[] to the safety and security of the inmates of the Dept. of Corrections." ECF No. 1. Although it is not clear from the letter who Plaintiff wished to sue, it appears he intended for the MECC to be the sole defendant as he failed to identify any specific individuals who allegedly violated his constitutional rights.

Within the letter, plaintiff stated that MECC employees would "sit back and laugh[] at people being attacked" and place inmates in administrative segregation "where the heat doesn't work." Plaintiff further complained the MECC consisted of "90% Black inmates" who "openly masturbate to all the [correctional officers] and act like pred[a]tors" by "extort[ing] the white

guys[.]" Plaintiff asserted he did not have the funds to file a lawsuit but did not submit a separate motion for leave to commence this civil action without prepayment of the required filing fee.

On March 5, 2021, the Court entered an Order directing plaintiff to file an amended complaint on a Court-provided form, and to either pay the filing fee or file a motion to proceed *in forma pauperis*. ECF No. 3. In the Order, the Court clearly explained that his February 22nd letter was defective as a complaint commencing a civil action, provided plaintiff clear instructions about how to prepare the amended complaint, and cautioned him that his failure to timely comply with the Order would result in the dismissal of his case without further notice.

Plaintiff's amended complaint and motion to proceed *in forma pauperis* was due to the Court on March 26, 2021. To date, however, he has neither complied with the Court's Order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's March 5, 2021 Order and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of April, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE